# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIA D. MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-409-RAW-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Julia D. McGuire (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 14, 1961 and was 51 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a factory/assembly worker and shipping weigher. Claimant alleges an inability to work beginning April 21, 2010 due to limitations resulting from neck and back problems resulting in pain and mobility problems.

**Procedural History**

On July 28, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 8, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Doug Gabbard, II by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding in McAlester, Oklahoma. On December 5, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on July 15, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work. He also found at step five that Claimant could perform light, unskilled work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) reaching an improper RFC determination; and (2) finding at step four that

Claimant could return to her past relevant work.

## RFC Determination

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, fibromyalgia, cyclothymia, major depressive disorder, and schizotypal personality disorder. (Tr. 25). The ALJ also found Claimant retained the RFC to perform light, unskilled work except she could perform work that requires little or no judgment to perform simple duties, which could be learned in a short period of time, required supervision that was simple, direct, and concrete, could tolerate interpersonal contact with supervisors and co-workers that was incidental to the work performed, such as assembly work but had no fast-paced assembly line speeds, and could not tolerate any contact with the general public. (Tr. 28).

Claimant takes issue with the ALJ's RFC determination. As a subset of that argument, Claimant contends the ALJ failed to adequately develop the record concerning Claimant's mental impairments. Specifically, Claimant asserts that the consultative mental health professional retained in this case, Dr. Theresa Hortaon, a licensed psychologist, stated in her report that "[Claimant] appears to have pervasive personality traits that have been prominent at least since adolescence that have interfered with

her ability to get on well on the job as well as with family. These traits will likely continue to interfere with adequate adjustment into occupational settings and with family." (Tr. 297). The vocational expert was asked by the ALJ about this limitation and its effect upon Claimant's job prospects. The expert, however, could not interpret the meaning of the statement. (Tr. 75).

Defendant argues that the ALJ was not required to obtain a medical source statement from Dr. Horton. Certainly, the regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 416.919n(c)(6); *see also* 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6); Branam v. Barnhart, 385 F.3d 1268, 1273 (10th Cir. 2004). Therefore, the failure of the ALJ to obtain a statement from any medical professional does not constitute reversible error.

The problem with the ALJ's consideration of Dr. Horton's opinion on the effect Claimant's condition might have upon her ability to work goes beyond the failure to obtain a medical source

6

statement. He agreed with Dr. Horton's assessment, stating that it was consistent with the record as a whole yet Dr. Horton's statement regarding limitations in the work setting was ignored or not understood. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall either obtain an explanation for Dr. Horton's statement of limitation from Dr. Horton or provide an explanation as to the basis for rejecting this portion of the opinion while accepting the vast majority of the remainder of the opinion provided.

In a similar vein, Claimant contends the ALJ failed to include the stated limitation upon her ability to adjust to a occupational setting in the RFC assessment. Until the ALJ determines the precise extent of this limitation found by Dr. Horton, the effect of this limitation upon Claimant's RFC is unclear. Again, on remand, the ALJ shall consider this limitation in his RFC assessment once he determines the precise nature of the limitation and whether it should be considered.

Claimant asserts the ALJ also failed to include all of her physical limitations in his RFC determination, contending he should have obtained medical source statements from all of the physicians.

7

As previously stated herein, the failure to obtain these statements does not constitute reversible error.

On June 14, 2012, Dr. Traci White evaluated Claimant for pain management. She noted Claimant's subjective statements of pain and her contention that activities such as sitting, standing, walking more than one block, twisting, lifting, bending forward greater than backward, and any use of her arms were restricted due to pain. (Tr. 319). Dr. White acknowledged the MRI from January of 2008 which indicated Claimant had mild stenosis of the left neural foramina at the L4-5 level with early degenerative changes at the L3 through S1 levels. She found no evidence of spinal or bilateral neural foraminal stenosis at the L3-4 level. Left paracentral disc protrusion at the L4-5 and L5-S1 level noted. She also found evidence of bilateral facet joint hypertrophy at the L5-S1 level. (Tr. 320).

Reflexes were symmetric in the bilateral upper and lower extremities except for slightly decreased patellar reflexes on the left. Claimant had radiating symptoms on dorsiflexion of the right foot and on heel walking. Straight leg raising was negative bilaterally. Claimant was found to have pain on flexion and external and internal rotation of the hip on the left. She had decreased sensation to light touch in the fingertips and hands

8

bilaterally in no specific dermatomal pattern. (Tr. 321).

Similarly, Dr. Judy Trent determined Claimant was positive for decreased mobility, joint tenderness, and weakness. She also found Claimant had numbness and tingling in the legs. (Tr. 325).

While not expressly doing so, the ALJ effectively rejected these findings, noting that Claimant sat during the hearing for 50 minutes with no apparent difficulty. (Tr. 31). He relied upon Dr. Jimmie Taylor's evaluation which found Claimant had a safe, stable gait with not assistive device and her heel, toe, and tandem walk were within normal limits. (Tr. 270). The ALJ did not reconcile the differences between the findings of Drs. White and Trent and those of Dr. Taylor. The ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ cannot selectively disregard portions of a medical professional's opinions while giving other portions great weight without providing specific and legitimate reasons for rejecting the disregarded portions. Haga v. Astrue, 482 F.3d 1205, 1207-09 (10th Cir. 2007). On remand, the ALJ shall re-evaluate the limitations found by Drs. White and Trent, including any manipulative restrictions caused by the decreased sensation in her fingers.

Claimant asserts the ALJ failed to properly evaluate her credibility. The ALJ shall make any appropriate adjustments in his

9

evaluation of Claimant's credibility after considering whether the objective evidence supports any further restrictions in his RFC assessment.

**Step Four Analysis**

Claimant next asserts the ALJ did not reach an appropriate RFC or determine the demands of her past relevant work to fulfill his duty under step four. The evaluation at step four has been determined to be comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental RFC. This Court has determined the ALJ must re-evaluate his RFC assessment. In the second phase, an ALJ must determine the physical and mental demands of a claimant's past relevant work. The discussion of the pace of the plastic molding job would indicate the ALJ found Claimant could perform a slower version of the job but not the job she necessarily performed. (Tr. 69-74). This would appear to be an inconsistency in the second phase of the step four analysis. In the third and final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and physical limitations found in phase one. <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008)(citations omitted). The ALJ's RFC assessment and evaluation of Claimant's past relevant work are inadequate. As a result, the ALJ shall reassess his step

four findings on remand.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 17th day of June, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE